**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LUIS GARCIA,

      Plaintiff,

v.                                      Case No. 25-cv-01312-WJ-GBW

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al,*

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff's Amended Civil Rights Complaint (Doc. 2) (Complaint). Plaintiff is incarcerated and proceeding *pro se.* He raises 42 U.S.C. § 1983 claims based on the loss of property in prison. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

**BACKGROUND**[1]

Plaintiff was previously incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. *See* Doc. 2 at 9. The Complaint appears to allege Plaintiff's property was lost during a prison transfer in June of 2024. *Id.* at 6, 9, 10. The current Complaint does not specify who lost the property or which items are missing. The opening letter-pleading (Doc. 1) attaches a list of property, which appears to include all or most items that were in Plaintiff's cell at LCCF.

Construed liberally, the Complaint seeks damages under 42 U.S.C. § 1983 and the Due

---

[1] For the limited purpose of this ruling, the Court assumes the allegations in the Complaint (Doc. 1) are true.

Process Clause.   The Complaint names four Defendants: (1) the New Mexico Corrections Department ("NMCD"); (2) Sergeant Gonzales; (3) Officer Villa; and (4) Deputy Warden Baker. *See* Doc. 2 at 1-3.  Plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. 3) (IFP Motion) along with the Complaint.   However, it does not attach an inmate account statement reflecting transactions for a six-month period, as required by 28 U.S.C. § 1915(a)(2).  The Court will require Plaintiff to file the required account statement and will screen the Complaint under 28 U.S.C. § 1915A.

**STANDARDS GOVERNING INITIAL REVIEW**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A.  The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555.  However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro*

2

*se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

### DISCUSSION

The Complaint raises claims under 42 U.S.C. § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. "[A] a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Applying these standards, the Complaint fails to state a cognizable § 1983 claim against any Defendant. Beyond listing the Defendants in the caption, the Complaint fails to connect them to any alleged wrongdoing. "Collective allegations" regarding the alleged wrongdoing do not state a viable claim under § 1983, nor do "active-voice yet undifferentiated contention that 'defendants' infringed [plaintiff's] rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). The Complaint also fails to show any supervisory Defendant is responsible for a policy or custom that

caused the constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164-65 (10th Cir. 2011).

Alternatively, there are insufficient facts to demonstrate a due process violation.  The Fourteenth Amendment guarantees due process "when a person is to be deprived of life, liberty, or property."  *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  In the prison context, there are two types of property revocations that potentially implicate due process principles.  The first type involves the adoption of "new polic[ies] that limit[] the amount of property prisoners c[an] keep in their cells."  *Cosco v. Uphoff*, 195 F.3d 1221, 1222 (10th Cir. 1999).  "[A] prison regulation governing what prisoners may possess in their cells will create a protected … property interest only if the deprivation … impos[es] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Robinson v. Doe*, 761 Fed. App'x 855, 857 (10th Cir. 2019) (citing *Cosco*, 195 F.3d at 1222).  The Tenth Circuit has found that policies limiting the retention of hobby materials, electronic tablets, television, radio, entertainment systems, and snacks did not impose an atypical and significant hardship on inmates.  *See Griffin v. Hickenlooper*, 549 Fed. App'x 823, 826 (10th Cir. 2013); *Robinson*, 761 Fed. App'x at 857; *Cosco*, 195 F.3d at 1222.  The Complaint here appears to suggest Plaintiff's property was inadvertently lost, rather than revoked based on a prison policy.  And, in any event, the Complaint does not allege facts showing an atypical or significant hardship.

The second type of property revocation involves the "unauthorized intentional deprivation of property by a" prison official.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  This occurs where prison officials revoke property "in violation of, rather than according to, established procedure[s]."  *Johnson v. Whitney*, 723 Fed. App'x 587, 593 (10th Cir. 2018).  Such a claim is only actionable

4

where no "meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *see* also *Bridgeforth v. Ramsey,* 1999 WL 992978, *1 (10th Cir. Nov. 2, 1999) ("Even if the seizure of a prisoner's property is improper, an intentional deprivation of property does not give rise to a Fourteenth Amendment due process claim if adequate state post-deprivation remedies are available."). The plaintiff must plead specific facts showing that the state post-deprivation procedure has been unresponsive and inadequate. *See Freeman v. Department of Corrections*, 949 F.2d 360, 362 (10th Cir. 1991); *Johnson*, 723 Fed. App'x at 593.

The instant Complaint appears to suggest Plaintiff's property was lost, rather than intentionally revoked. To the extent prison officials negligently lost Plaintiff's property, no relief is available. "Due Process is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Scott v. Crowley Cnty. Corr. Facility*, 76 Fed. App'x 878, 880 (10th Cir. 2003) (addressing prisoner's claim for loss of property). To the extent Plaintiff believes the loss was intentional, the Complaint does allege state post-deprivation remedies are unavailable. Said differently, "Plaintiff has not explained why he could not bring a state court action seeking damages for the loss of his property, under a theory of conversion." *Id.*

For these reasons, the Court finds that Plaintiff's Complaint (Doc. 2) fails to state a cognizable § 1983 claim under 28 U.S.C. § 1915A and Rule 12(b)(6). *Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may amend his complaint within thirty (30) days of entry of this Order. By the same deadline, Plaintiff must supplement his IFP Motion with an inmate account statement reflecting transactions for a six-

5

month period.  If Plaintiff declines to timely comply with this ruling, or if he files another complaint that fails to state a cognizable claim, the Court may dismiss this case with or without prejudice.

**IT IS ORDERED** that Plaintiff's Amended Civil Rights Complaint (**Doc. 2**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A; and within thirty (30) days of entry of this ruling, Plaintiff must file an amended complaint and an inmate account statement reflecting transactions for a six-month period.

**SO ORDERED**.

_____/S/_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

6