**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LUIS GARCIA,

    Plaintiff,

v.                                   Case No. 25-cv-01312-WJ-GBW

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al,*

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff's failure to amend his prisoner civil rights claims and submit an account statement as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se.* The original Complaint (Doc. 2) alleges his property was lost during a prison transfer in June of 2024. Construed liberally, the original Complaint raises 42 U.S.C. § 1983 claims against four Defendants: (1) the New Mexico Corrections Department ("NMCD"); (2) Sergeant Gonzales; (3) Officer Villa; and (4) Deputy Warden Baker. *See* Doc. 2 at 1-3. Plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. 3) (IFP Motion) along with the original Complaint. However, it does not attach an inmate account statement reflecting transactions for a six-month period, as required by 28 U.S.C. § 1915(a)(2).

By a ruling entered June 17, 2026, the Court conducted an initial review and determined the original Complaint fails to state a cognizable federal claim against any Defendant. *See* Doc. 4 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring courts to review prisoner complaints and determine whether the alleged facts state a cognizable claim). Specifically, the original

Complaint fails to connect any Defendant to the alleged wrongdoing. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("Collective allegations" against a group of defendants will not satisfy the § 1983 pleading standard). The Screening Ruling further explains that the original Complaint fails to demonstrate that any supervisor or entity adopted a policy/custom that caused a constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (A § 1983 claim against supervisory/entity/municipal defendants must "show (1) the existence of a … custom or policy and (2) a direct causal link between the custom or policy and the violation alleged"). Alternatively, the Screening Ruling explains that there are insufficient facts to state a claim under the Constitution or federal law. *See* Doc. 4 at 3-5 (setting forth the legal standards for claims involving the loss/revocation of property in prison). The Court therefore dismissed the original Complaint (Doc. 2) for failure to state a cognizable claim under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* directed Plaintiff to amend his claims within thirty (30) days. By the same deadline, Plaintiff was also required to file a six-month inmate account statement as required by 28 U.S.C. § 1915(a)(2). The Screening Ruling warns that the failure to timely comply with both directives may result in dismissal of this case without further notice. The deadline for Plaintiff to file an amended complaint and an account statement expired no later than July 17, 2026. Plaintiff did not comply with either directive, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case, including all claims raised in the original Complaint (Doc. 2), without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Court orders. The Court will also deny Plaintiff's pending Motion to Proceed *In Forma Pauperis*

(Doc. 3), which is now moot.

**IT IS ORDERED** that this case is **DISMISSED without prejudice** pursuant to Rule 41(b);

Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **DENIED as moot**; and the Court will

enter a separate judgment closing the civil case.

**SO ORDERED**.

_____/S/_____
HONORABLE WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3